UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GREGORY GALLARZO,

Petitioner,

v.

J. ROBERTSON, Warden,

Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. CV 18-7444-AG (AGR)

OPINION AND ORDER ON
PETITION FOR WRIT OF
HABEAS CORPUS
(SUCCESSIVE PETITION)

On August 24, 2018, Petitioner filed a Petition for Writ of Habeas Corpus
by a Person in State Custody ("Petition"). Petitioner again challenges his 2009
conviction for murder and other crimes.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records
in Petitioner's prior federal habeas corpus action in the Central District.

On June 12, 2009, a Los Angeles County Superior Court jury found
Petitioner guilty of two counts of second degree robbery, one count of assault
with a firearm, two counts of possession of a firearm by a felon and one count of
possession of ammunition.  The jury found true the firearm enhancement on the

1  robbery and assault counts.  (Petition at 2.)

2  On September 19, 2012, Petitioner filed a Petition for Writ of Habeas

3  Corpus that challenged the 2009 judgment.  *Gallarzo v. Uribe*, CV No. 12-8082

4  AG (AGR) ("*Gallarzo I*").  On January 5, 2015, the Court accepted the Magistrate

5  Judge's Report And Recommendation, denied the petition with prejudice, entered

6  judgment and denied a certificate of appealability.  (*Gallarzo I*, Dkt. Nos. 37-39.)

7  On December 4, 2015, the Ninth Circuit denied a certificate of appealability.  (Dkt.

8  No. 45.)  By letter dated November 18, 2016, the United States Supreme Court

9  returned to Petitioner an untimely petition for writ of certiorari that was

10  postmarked on October 26, 2016 and received on November 7, 2016.  (*Gallarzo*

11  *II*, Petition at 59.)[1]

12  On August 24, 2018, Petitioner filed the current Petition and challenges the

13  same 2009 conviction and sentence.  (Petition at 2.)

**II.**

**DISCUSSION**

16  The Petition was filed after enactment of the Antiterrorism and Effective

17  Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA

18  in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

19  The AEDPA provides, in pertinent part:  "Before a second or successive

20  application permitted by this section is filed in the district court, the applicant shall

21  move in the appropriate court of appeals for an order authorizing the district court

22  to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not

23  have jurisdiction to consider a "second or successive" petition absent

24  authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152 (2007);

25  *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in

26  play, the district court may not, in the absence of proper authorization from the

27

28  _____
   [1] Page citations to the Petition in this case use the page numbers assigned
   by the CM/ECF system in the header.

2

1  court of appeals, consider a second or successive habeas application.") (citation
2  and quotation marks omitted).

3          Here, the Petition is a successive petition challenging the same conviction
4  and sentence imposed by the same judgment of the state court as in *Gallarzo I.*
5  A review of the Ninth Circuit's online database indicates that Petitioner has not
6  received leave to file a second or successive petition from the Ninth Circuit.

7          Petitioner argues that his petition is not successive because some of the
8  claims he now presents were previously dismissed as unexhausted.  (Petition,
9  Dkt. No. 1-1 at 129.)  Petitioner is incorrect.  The petition in *Gallarzo I* was denied
10  and dismissed with prejudice.  The Court noted that Petitioner's objections to the
11  Report and Recommendation raised new subclaims under ineffective assistance
12  of counsel and prosecutorial misconduct.  The Court found that those new
13  subclaims were without merit under *Cassett v. Stewart*, 406 F.3d 614, 624 (9th
14  Cir. 2005).  (*Gallarzo I*, Dkt. No. 37 at 1.)  The Ninth Circuit denied a certificate of
15  appealability.  (Dkt. No. 45.)

16          Rule 4 of the Rules Governing Section 2254 Cases in the United States
17  Courts provides that "[i]f it plainly appears from the face of the petition and any
18  attached exhibits that the petitioner is not entitled to relief in the district court, the
19  judge must dismiss the petition and direct the clerk to notify the petitioner."
20  Summary dismissal is appropriate in this case without prejudice to Petitioner's
21  ability to file an Application for Leave to File a Second or Successive Petition
22  before the Ninth Circuit.  The Clerk will be directed to send Petitioner a copy of
23  Ninth Circuit Form 12 so that he can provide the necessary information to the
24  Circuit for such an application.

**III.**

**ORDER**

27          IT IS HEREBY ORDERED that Judgment be entered summarily dismissing
28  the Petition for lack of subject matter jurisdiction.  This dismissal is without

3

prejudice to Petitioner's ability to seek authorization from the Ninth Circuit Court of Appeals for leave to file a second or successive petition for writ of habeas corpus. The Clerk is directed to send Ninth Circuit Form 12 to the Petitioner. (*See* Ninth Circuit Rule 22-3.) All pending motions are denied as moot.

DATED: September 16, 2018

                            ANDREW J. GUILFORD
                            United States District Judge